All right, Mr. Clark, you have reserved one minute for rebuttal. Yes. Thank you, Judge Sullivan. Good morning, Judge Jacobs, Judge LaValle, and Judge Sullivan. I am Pro Se Plaintiff Appellant Gordon Clark, and I sincerely appreciate this court granting me the opportunity to speak here today, albeit briefly. Therefore, in the interest of time, I would like to make a brief opening statement, and then I would be happy to answer any questions that you may have for me. In 2016, the Supreme Court of Connecticut, in a case entitled Estate of James Rock v. University of Connecticut, stated the following, quote, an estate is not a legal entity. It is neither a natural nor artificial person, but is merely a name to indicate the sum total of the assets and liabilities of the decedent or incompetent. Not having a legal existence, it can neither sue nor be sued. Moreover, with all due respect to the United States District Court and to Judge Sarala v. Nagala, as well as with all due respect to this United States Court of Appeals for the Second Circuit, and especially to Judge Walker, Judge Jacobs, and Judge Calabresi, who still serve on this court and who were part of the two Second Circuit precedents, I am respectfully asking this court to reconsider, after over 25 years, which are Bridgdon v. Anderson, 1997, and Ianna Cohn v. Law, 1998. I contend that both Bridgdon and Ianna Cohn are moot, or that I am abiding by both Bridgdon and Ianna Cohn, or that Ianna Cohn is an impossible standard, and therefore Ianna Cohn is an unjust standard for any court to impose on a pro se litigant. All right, but I mean, I guess the law as it is, however, does require an estate to have an attorney where there's creditors or multiple beneficiaries. And so, I guess, since this appeal has been filed, what's the status of the mortgage lien on the house? Has that been resolved? It's still pending appeal. Still pending? Yes. Okay, so it hasn't been satisfied at this point. So, Santanter is still a creditor? Alleged creditor. I understood, okay. And then there are other beneficiaries as well? I contend that I'm the only beneficiary. I thought even you conceded that there were some smaller beneficiaries. Yes, there are some family members that get a few pictures and a few pieces of small furniture, totaling a total of roughly $900. But they haven't disavowed that at this point? No, and they will receive that. However, what I stated here in my argument is that in Ianna Cohn, I believe that not only am I either maintaining or not only the sole executor, which I am, I consider myself the sole beneficiary, because everything was left to me other than these small items left to her family members. And then thirdly, when it comes to the creditor, there's only one alleged creditor. There's no other creditors. And that's still being adjudicated. And I allege, and I've never had the opportunity to have a jury trial, I have a writ of mandamus pending with the Superior Court of Connecticut to show that not only were we not in default at the time, but that the mortgage is actually unenforceable, it is invalid. And I've never had the opportunity to address that to a jury or to even offer a single piece of evidence, not one piece of paper, not one witness, and so all I'm asking is for due process and to have my opportunity to make my case. Why don't you have that opportunity? Why wouldn't you have that opportunity if the district court dismisses the estate's claims on the ground that no lawyer was engaged to represent the estate? You'd be able to make all those arguments and get that overturned if that ruling was wrong on a regular appeal rather than an interlocutory appeal, would you not? I'm not sure, Judge LaValle, because I'm not on the mortgage. It was my wife that was on the mortgage, the alleged mortgage. And so I don't know where the law is on there. But I mean, the point is our court doesn't ordinarily have jurisdiction to hear interlocutory appeals. The bias under the federal law is to have all the issues decided on one appeal at the end after the district court has made a final judgment except for certain specified exceptions. And why not just, in this case, wait and have those arguments raised after the final judgment rather than on an interlocutory appeal? Well, with all due respect, Judge LaValle, when I made the appeal, the appellee filed a motion to dismiss the appeal based upon it being interlocutory. But a separate three panel judge, I think you were included in that, denied their motion to dismiss based upon it being an interlocutory appeal because- To have it be heard. To have it be heard. To have it be heard by a panel of this court, which we're doing now. Right. Focusing on the question whether this is appropriately raised as an interlocutory appeal. Yes, and I believe it is based upon the collateral order doctrine, which is what the order that was issued by the separate three panel judges, including yourself, that said that that issue needed to be addressed because I could be irreparably damaged and lose certain rights if I didn't have the opportunity to have an interlocutory appeal on this issue of having the estate's claims being dismissed. If I could continue. All right, well, briefly, just because you're over time now. Thank you. Furthermore, the United States Court of Appeals for the Second Circuit in Loewenschutz, L-O-W-E-N-S-C-H-U-S-S-V Kane, in 1975, states the following. Quote, impossibility caused by a judicial order prohibiting performance will excuse a party's performance only if the fault of the party owing performance did not contribute to the order, unquote. Once again, I contend that Iacone is an impossible standard, and a standard for any court to impose on a pro se litigant. In summary, and first and foremost, I believe that the right to represent any and all of my individual, spousal, executor, beneficiary, and creditor interests in this pending case without an attorney, whether based solely or collectively on the scriptures, the historical record, the Declaration of Independence, the Constitution of the United States, the Judiciary Act of 1789, federal statutes, and or Supreme Court of the United States, and the United States Court of Appeals for the Second Circuit precedence. Secondly, based on the fact that estates have been found to not be legal entities, I believe that both Bridgeton and Iacone are moot and should be reconsidered de novo by this court and or en banc. And finally, even if Bridgeton and Iacone are not moot, I believe that I am abiding by both Bridgeton and Iacone, or based on the judicial doctrine of impossibility and Loewenschus v. Kane, Iacone is an impossible standard. And therefore, Iacone is not only an unjust standard for any court to impose on a pro se litigant, it is also not in the public interest. Nor would forcing a pro se litigant to hire an attorney benefit any beneficiaries nor creditors. But instead, would only decrease the value of the estate. Therefore, the only requirement of an executor is to properly and lawfully notice and or serve any beneficiary and or creditor, alleged or not, just as in any other lawsuit. Simply put, imposing any additional- But you may want to, I'll give you the minute now and you'll be done, or you want to save that and respond to Mr. Fialco. I appreciate that. If I just have one last sentence here, Judge, and then I'll reserve my letter for- No, that's okay. I mean, you're just reading a list of things, so I think we get the gist of it. All right, thank you. Thank you. All right, Mr. Fialco, am I pronouncing that right? You are. Good morning, Your Honor. My name's David Fialco, and I represent the defendant appellees, Wells Fargo and Company, and Scott Powell. Your Honor, we're asking this court to affirm the District of Connecticut's sua sponte order requiring the estate to have legal representation. So you're asking us to affirm, not to dismiss for lack of- Well, I suppose that we are first asking you to dismiss for lack of jurisdiction, and if not, then affirm. Look, whether you're asking or not, we have to figure out whether we have jurisdiction. But I guess under the collateral order doctrine, why is it, I'm trying to figure out how Mr. Clark would be made whole if he waits until the end of this process. In other words, so if he goes and gets an attorney, and that attorney has to be paid, and then at the end of this process on appeal, he says he shouldn't have had to do that. How's he going to be made whole? You're not going to pay for the attorney, right? Well, I don't think that's the ultimate question. I think the collateral order doctrine has three elements, and I think the second two are really what's at issue. The first is whether, I'm sorry, the second element of the collateral order doctrine is whether the order involves an important issue completely separate from the merits of the case, and then whether the order is effectively unreviewable on an appeal from the final judgment. And in this case, it cannot meet those elements. First, of course, that doctrine is narrowly construed to avoid piecemeal litigation, you know, piecemeal appeals, litigation, delay, and expense. Second, there's absolutely no reason that the estate, upon the issuance of a final judgment, can't make all of the arguments that it's making here today. But wait, so it's going to make an argument that it shouldn't have had to retain a lawyer in the early innings of the case. That's the argument that would be made on appeal? The argument on, well, and there's another factor in this case that also ties this together, which is there are two plaintiffs in the case, both asserting all of the very same claims. And last week, we provided notice to this court that the district court went on and ultimately decided a motion to dismiss, granted the defendant's motion to dismiss, dismissing all of Mr. Clark's claims, and then in an indicative ruling indicated that if this case is remanded, that it would also dismiss the estate's claims for the same reason. So in that sense, Mr. Clark continues. He still gets to make the same arguments in his pro se capacity in that he represents himself. And so ultimately, that risk that's present in the case like O'Reilly was the second circuit case, that risk that something would happen to the party after the fact that it doesn't have a chance to participate in it, and would therefore have to show both that the order was wrong and that something else would have resulted had they been allowed to represent themselves isn't present in this case. Because Mr. Clark. You seem to be saying that because he's going to lose on the merits anyway, this doesn't matter. But I guess. Well, for the. I mean, it seems to me that what he's concerned about is having to pay for a lawyer to represent the estate. He can correct me if I'm wrong, but that's what it sounds like. Well, I think that the fact that an estate, a corporation, a trust, whatever it may be, has to hire a lawyer isn't the standard for whether or not the collateral order doctrine is applied. I don't think anybody. The issue is whether. I mean, the point is whether the issue that he's challenging. He's challenging the district court's order that he get himself a lawyer for the estate, right? Yes. And so how is he going to challenge that ruling after a final judgment? By appealing. Okay, what would the remedy be? Well, I don't know that there would be a remedy. Well, the remedy would be to overturn the dismissal. Well, sure. If he turns out to be, if the court of appeal is on the appeal, if he, first of all, refuses to get an attorney, and the district court dismisses, then the estate can appeal and present an argument to the court of appeals that the district court erred in requiring an attorney. And if the court of appeals agrees, it would then vacate the dismissal. I think that's well said, Your Honor. And another point that I wanted to make is a case, a Supreme Court decision from 1985. It's Richardson, Merrill v. Kohler. I'm not sure if it's cited in the briefs, so I'll give the site 472 U.S. 424 from 1985. In that case, the court was considering, excuse me, the issue in that case was the disqualification of plaintiff's counsel for misconduct in a civil case. And whether or not that was immediately appealable under the collateral order doctrine. And the Supreme Court reversed the D.C. Circuit, who found that it was, it fit an exception under the collateral order doctrine. And in looking at that, it's, a court focused on prejudice without deciding whether or not prejudice is required, and it sort of pivoted between the second and third elements. Because it said, well, if prejudice is required, meaning that something different would have happened had the person been able to, in that case, choose their own, the counsel of their choosing. Well, then that doesn't establish element two, which involves an issue completely separate from the merits. And then it turned and said, well, and if prejudice isn't required, then it's always reviewable on a review of a final judgment. And so I would submit that that fits precisely in this case. Well, it's not the right to choose counsel of your choice, or in this case it's the choice to proceed pro se. In either case, either prejudice is required, and therefore it's not completely separate from the merits, or prejudice isn't required, and then it can be decided on a review of a final judgment. And had this case played out properly without, not properly, but without the interlocutory appeal, what would have happened was that the court would have issued this ruling that it did issue, and that is on appeal now separately, and we would have had one appeal raising both issues. But it seems to me it puts Mr. Clark in a position that he has to either roll the dice on this point about counsel, and therefore take a dismissal with respect to the estate, or he has to get an attorney and try to fight on the merits, the claims that he's bringing. And that seems to be, puts him in a tough spot, that he is going to be harmed by this. If he does the latter, and says, I'm not that, I'm risk averse, I'm not going to risk the dismissal, I'll get the lawyer, he really has no way to challenge then the fact that he didn't think he had to get a lawyer in the first place. Unless you or the court are going to pay him for the attorney's fees. I don't think either of those would occur, but I don't think . . . No, I don't either. I don't think the consideration of an estate, which is under the law required to have counsel when there's creditors or beneficiaries, incurring fees is a factor that's considered under the collateral order doctrine. And I think that these facts just don't meet that doctrine, and there's no reason why both issues couldn't be decided at that time. So would you agree to the collateral, well, do you think, what's easier, the collateral order issue, which is the jurisdictional one, or the merits here? You started to go straight to the merits because it seemed to me you thought that was the easier one. No, well, I think it might be easier, but of course this court needs to determine whether it has jurisdiction first, and so I'm not sure you can avoid that issue. But I think that under, whether it's the collateral order doctrine or the merits, that either this court should dismiss the appeal as interlocutory or affirm the decision if it believes it's properly before this court. All right. Thank you very much. Mr. Clark, you have a minute for rebuttal. Thank you, Judge Sullivan, Judge Jacobs, Judge LaValle. With all due respect to Mr. Falco, I stand on my brief and other court filings and my testimony here today. I see no material issue concerning this matter before this court that I need to address, that is not already addressed in my brief and other filings, unless this court sees, has any other questions. Simply put, imposing any additional requirement to filing a claim on a pro se executor of an estate is unjust and not in the public interest nor beneficial to any beneficiaries nor creditors. And frankly, judges, if I could afford an attorney, I'd be happy to pay for one, but I cannot. And so it's not by choice, it's by necessity that I have to represent myself. Therefore, in closing, unless this court has any additional questions for me, I believe that it is of significant importance, that is to state on and for the record, that forcing a pro se litigant to obtain legal counsel will irreparably undermine my executive authority to settle my beloved wife's estate. However, far worse will be the denial of my beloved and deceased wife's wishes in her sacred last will and testament. That is, for me to act as the executor of her estate, to ensure that all of her final wishes are honored and that my sacred duties as her husband will be fulfilled. What is the size of the estate? Well, I don't know what you mean by that, Judge LaValle. If you considered debts and liabilities or just total without liabilities or assets and liabilities together. Do your best to answer my question. All right, I would say it's probably, well, if you negate the mortgage as I would in the sense of it being alleged and not enforceable. I say at most it is $250,000. And the mortgage is how much? The mortgage at the time of the unjust foreclosure was $80,000. The house is valued at 200, last time on Zillow was valued at roughly $240,000. Thank you. All right, so we're going to reserve decision. Thank you both. Thank you for listening, judges. I appreciate it. That's what we're here for.